UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SIDIYQQIYDAAR WALLACE,

                                Plaintiff,

    -against-

THE CITY OF NEW YORK, SERGEANT
TIMOTHY CECCHINI (SHIELD # Tax 943068)
SERGEANT RAYMOND BENITEZ (SHIELD #
6047), POLICE OFFICER DAVID BALSDON
(Tax # 950042) and POLICE OFFICER(S)
JOHN DOE 1-5,

                               Defendants.
-----------------------------------------------------------------x

FILED
CLERK

2013 APR -3 PM 1:48

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

COMPLAINT

JURY DEMAND

CV 13 1829



SIDIYQQIYDAAR WALLACE (hereinafter "plaintiff"), by his attorney(s) The Law Offices of Wale Mosaku, P.C., complaining of the defendants THE CITY OF NEW YORK, SERGEANT TIMOTHY CECCHINI (SHIELD # Tax 943068) SERGEANT RAYMOND BENITEZ (SHIELD # 6047), POLICE OFFICER DAVID BALSDON (Tax # 950042) and POLICE OFFICER(S) JOHN DOE 1-5 (hereinafter collectively referred to as "the Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.     This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and §1985], [and arising under the law and statutes of the State of New York].

## JURISDICTION

2.     The jurisdiction of this Court is invoked pursuant to 42 U.S.C. Section 1983, 28 U.S.C. Section 1343, 28 U.S.C. Section 1331, and under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

4. All conditions precedent to the filing of this action have been complied with. On November 9, 2012, within ninety days after the claims alleged in this complaint arose, a written notice of claim, sworn to by the plaintiff's representative, was served upon the defendant City of New York, by personal delivery of the notice in duplicate, to the person designated by law as one to whom a summons issued against such party may be delivered in an action in the applicable Courts. The plaintiff's claim was assigned the number 2012PI027912 by the City of New York's Comptroller's office.

5. At least thirty days have elapsed since the service of the above-mentioned notice of claim, and adjustment or payment of the claim has been neglected and/or refused.

6. This action, pursuant to New York State and City Law, has been commenced within one year after the happening of the event upon which the claim is based.

THE PARTIES

7. Plaintiff is a citizen of the United States, resident in Kings County, New York State. Plaintiff is an African-American male of full age.

8. At all relevant times, defendants SERGEANT TIMOTHY CECCHINI (SHIELD # Tax 943068) SERGEANT RAYMOND BENITEZ (SHIELD # 6047), POLICE OFFICER DAVID BALSDON (Tax # 950042) and POLICE OFFICER(S) JOHN DOE 1-5 (hereinafter "defendant officers") were, and upon information and well-founded belief, still are law enforcement officers employed by the Police Department of the City of New York ("NYPD").

9. At all relevant times, the defendant officers were employed as law enforcement officers of the City of New York, State of New York,

and were acting under the color of their official capacity and their acts were performed under color of the statutes and ordinances of the City of New York and/or the State of New York. The defendant officers were the servants, agents, and employees of their co-defendant, the City of New York, so that their acts are imputed to the City of New York and the NYPD.

10. At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was the employer of the defendant officers through its Police Department, specifically the NYPD, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

11. Plaintiff sues all defendants in their individual and official capacities.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12. On or about August 12, 2012, at approximately 03:30 a.m., the plaintiff was unlawfully arrested by "Peace Officers" employed by Spring Creek Towers Department of Public Safety, which provides, and upon information and well founded belief, still provides security services within the "Spring Creek Towers" a/k/a "Starrett City" (hereinafter "Spring Creek Towers") Housing Development/complex located in Brooklyn, New York.

13. Said Peace Officers, upon information and well-founded belief, were and still are certified as "Special Officers" by the New York City Police Department, and licensed to carry weapons, including guns.

14. At all relevant times, said Peace Officers had the powers to make arrests and charge suspects within the Spring Creek Towers complex.

15. Following his arrest, the plaintiff was transported to the 75th Police Precinct by two Peace Officers.

16. Upon arrival at the 75th Precinct, the Peace Officers took the plaintiff to the front desk, and had a conversation with the desk sergeant, who

upon information and well founded belief, was either Sergeant Raymond Benitez (Shield# 6047), or Sergeant Timothy Ceccini (Tax # 943068). Said Sergeant instructed the Peace Officers to "put him in a cell".

17. The plaintiff was thus placed in a cell by the Peace Officers. Upon being placed in the cell, the plaintiff asked the officers for his shoes (which had earlier been removed from his feet by the Peace Officers), and to be allowed to make a phone call in order to inform his family that he had been arrested. However the desk sergeant refused the plaintiff's requests.

18. The plaintiff repeated his requests, at which point the Desk Sergeant came by the holding cell and informed the plaintiff that if he kept requesting for his shoes and a phone call, he (the Sergeant) would enter into the cell and "fuck you up".

19. However, after being left shoeless, shackled and handcuffed in the cell for a couple of hours, the plaintiff again requested for a phone call. At that point the Sergeant entered into the cell, and proceeded to batter the shoeless, shackled and handcuffed plaintiff by grabbing the plaintiff's neck in a choke hold, and then slamming the plaintiff's head against the metal bars in the cell numerous times. The Sergeant also punched the plaintiff numerous times, and ripped off the plaintiff's shirt. The plaintiff was then thrown up against the cell wall, and left bleeding in the cell, while the Sergeant exited the cell.

20. The above-described assault upon the plaintiff was witnessed by the Peace Officers, the other defendant officers, and also by ambulance personnel who happened to be on the 75th precinct premises at the time.

21. Following the assault, the assaulting officer instructed the Peace Officers to take the plaintiff to the hospital. As the plaintiff was being placed in the ambulance, one of the defendant officers took the

22. opportunity to maliciously and cruelly step on the plaintiff's shoeless feet, solely in order to cause the plaintiff pain and suffering.


22. At approximately 11:00 a.m., the plaintiff, escorted by the Peace Officers, was transported by the ambulance personnel to Woodhull Medical and Mental Health Center ("Woodhull"), located at 760 Broadway, Brooklyn, New York 11206, for emergency treatment.

23. Upon arrival at Woodhull, CT scans and x-rays were performed upon the plaintiff, and he was subsequently discharged back to the custody of the Peace Officers, after being prescribed pain-killers.

24. The plaintiff was then transported back to the 75th precinct by the peace officers, from where he was subsequently transported to Central Booking, situated within the Kings County Criminal Courthouse located at 120 Schermerhorn Street, Brooklyn, New York 11201.

25. On August 13, 2012, the plaintiff was arraigned before a Criminal Court Judge at approximately 11:00 a.m., on the charges of Criminal Trespass in the Third Degree [PL 140.10(A)]; Trespass [PL 140.05]; and Harassment in the Second Degree [PL 240.26(1)].

26. The case against the plaintiff was dismissed on October 16, 2012.

## CAUSE(S) OF ACTION AGAINST EACH DEFENDANT OFFICER: EXCESSIVE FORCE UNDER 42 U.S.C § 1983

27. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 26 of this complaint as though fully set forth herein.

28. The level of force employed by one or more of the defendant officers was objectively unreasonable and in violation of the plaintiff's constitutional rights.

29. As a result of the aforementioned conduct of the defendant officers, the plaintiff was subjected to excessive force, resulting in serious and severe physical injuries.

30. As a consequence of the defendant officers' individual and/or collective actions as set forth above, the plaintiff suffered serious personal injuries, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against the defendant officers, individually and severally.

### CAUSE(S) OF ACTION AGAINST EACH DEFENDANT OFFICER: FAILURE TO INTERVENE UNDER 42 U.S.C § 1983

31. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 30 of this complaint as though fully set forth herein.

32. Each defendant officer had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation to his constitutional rights, as more fully set forth above.

33. Each defendant officer failed to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights, despite having had a realistic and reasonable opportunity to do so.

34. As a consequence of the defendant officers' individual and/or collective actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, serious personal injuries, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in an amount to be determined at trial, against the defendant officers, individually and severally.

### CAUSE OF ACTION AGAINST THE DEFENDANT CITY OF NEW YORK: MUNICIPAL LIABILITY UNDER 42 U.S.C § 1983

35. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 34 of this complaint as though fully set forth herein.

36. The acts complained of were carried out by the individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

37. The defendant officers acted under color of law, in their official capacity, and their acts were performed pursuant to the customs, policies, usages, practices, procedures and rules of the City of New York and its police department.

38. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and its police department include, but are not limited to the following unconstitutional practice(s):
a. wrongfully and unreasonably brutalizing innocent members of the public.

39. The aforesaid event was not an isolated incident. The City and its police commissioner has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers unlawfully brutalize innocent members of the public, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the City and its police commissioner have allowed policies and practices that allow the aforementioned to persist.

40. For example, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them.

41. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD

    Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer, which has been done on many occasions.

42.  Further, the City and its police commissioner have no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper practices go uncorrected.

43.  Additionally, according to a report of the New York City Bar Association issued in 2000, the City and Kelly have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. Alan Hevesi, as New York City Comptroller, in 1999 reported that there was a "a total disconnect" between the settlements of even substantial civil claims and police department action against officers.

44.  The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York, constituted a deliberate indifference to the safety, well-being and constitutional rights of all defendants, including but not limited to the plaintiff; were the proximate cause of, and moving force behind, the constitutional violations suffered by the plaintiff as alleged herein, and deprived plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States:

  (a)  The right to be free from the use of excessive force.

45.  As a result of the actions of the defendants, the plaintiff was deprived of his rights, privileges, and immunities secured by the United States

Constitution, in particular, the Fourth, Fifth, and Fourteenth Amendments, in contravention of 42 USC §1983 and the laws of New York State, and New York City without just or legal cause when defendant City, by its employees and/or agents unlawfully subjected the plaintiff to excessive force without due process of law.

46. The defendant officers were the actual agents of the defendant City of New York and were following the customs, practices, ordinances and/or regulations of the City of New York when they violated the plaintiff's constitutional and civil rights, and the City of New York is therefore responsible for their acts, and liable to the plaintiff for the damages he suffered.

47. The actual principal/agent relationship between defendant City and the defendant officers was created by the fact they were employees of defendant City, and the City had the right to, and it did indeed regulate and control the activities and conduct of the defendant officers.

CAUSE(S) OF ACTION: ASSAULT AND BATTERY

48. Plaintiff repeats and realleges paragraphs 1 through 47 as if each paragraph is repeated verbatim herein.

49. At the time of the plaintiff's arrest by the defendant officers, the plaintiff did not challenge nor resist the defendants, nor engage in any threatening behavior towards the defendants.

50. However, as set forth above, the defendant officers assaulted the plaintiff, battered the plaintiff, and subjected the plaintiff to excessive force and summary punishment.

51. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers' acts as described above.

52. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against the defendants, individually and severally.

53. This action, upon information and belief, falls within one or more of the exceptions of CPLR 1602.

WHEREFORE, plaintiff respectfully prays judgment as follows:

1. For compensatory damages against all defendants in an amount to be proven at trial;
2. For exemplary and punitive damages against all defendants in an amount to be proven at trial;
3. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;
4. For such other and further relief as the court deems proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
April 3, 2013

LAW OFFICES OF WALE MOSAKU, P.C.

By: _____
Wale Mosaku (AM5872)
Attorney for the Plaintiff
25 Bond Street, 3rd Floor
Brooklyn, N.Y. 11201
(718) 243-0994